## SUCCESSION OF ELIHU CRESSWELL.

It clearly results from the will of *Cresswell* that, in the absence of his universal legatee, the testator intended to give his executor the seizin of all his property.

The statute of 1837 is highly penal, and when, under it, an executor is dismissed, and compelled to pay 20 per cent, he will not be deprived of his commissions.

APPEAL from the Fourth District Court of New Orleans. *Wolfe & Singleton*, for the executor and appellant. *Rozier*, for the opponent and universal legatee.

### ELIHU CRESSWELL'S WILL.

*State of Louisiana, City of New Orleans.* Whereas the uncertainty of life is great, and is not left to the time and choice of human beings, I do herein declare this to be my last will and testament. I do herein will the freedom of my man servant Gabriel, whom I acquired by inheritance from my father's estate, and the sum of fifty dollars to him for long and faithful services, that he may acquire his freedom in the slave States, or be sent to the free United States of America, as he may desire.

And I do moreover hereby will and decree the freedom of all slaves that may belong to me at the time of my death, and that the slaves shall be sent to one of the free States of the United States of America, and there liberated: and their names shall be registered in the Court as free persons, no longer to be held in bondage; and I wish the expense of such removal to be paid, first out of any moneys or assets that may belong to me, and in case there is no assets, that the slaves shall work at wages until a sufficiency is obtained to remove them as above directed.

My executors shall appoint some trustworthy man to attend the removal of the slaves, who shall receive the expenses and a just compensation for the removal of the slaves to the free States.

And I further will and bequeath all the remaining of my estate to *Mrs. Sarah Cresswell*, my beloved mother, and in case of her death, to the heirs of her body. And I do wish that my friends, *John E. Colwell*, ( *Caldwell*,) of the firm of *Edgill, Mulford & Co.*, and *Mr. L. E. Simons*, attorney at law, both of this city, shall act as executors to carry out this my last will and testament.

I would will my body to a respectful burial. My soul belongs to the Supreme Being, and I with pleasure submit to his will.

I have written this will and testament in a state of sound mind, and hope no mortal man will interfere with it.

This done this second October, 1848.            ELIHU CRESSWELL.

ROST, J. The appeal in relation to the claim, made in behalf of the slaves of the testator in this case, for the wages earned by them since his death, has been discontinued and the claim waived.

There is no error in the allowances made by the District Judge for counsel fees and executors commissions. We concur in his opinion that there was no necessity for employing two counsel, and we consider the compensation allowed a fair remuneration for the services rendered.

We think it clearly results from the will, that in the absence of his universal legatee, the testator intended to give his executor the seizin of all his property. It is contended that he forfeited his commissions, because he did not keep the

funds of the succession in Bank, as required by the Act of 1837. He was dis-<span></span>missed by the Court on that ground—was made to pay 20 per cent. interest on the funds of the succession in his hands, and would have been adjudged to pay special damages, if any had been proved. The statute of 1837 is highly penal, and there is no warrant of law for increasing the penalties it imposes, and depriving executors of their commissions under it. As, however, the executor was dismissed through his own fault, before the succession was fully administered, and any disposition had been made of the testator's slaves, the District Judge very properly refused to allow the commission on their appraised value. Whether the new executor will be entitled to receive it, in case the slaves are sent out of the State, if the heirs object, is a question not before us.

It is ordered, that the judgment, so far as it reduces the counsel fees paid by the executor from $2000 00 to $1200 00 and the executors commissions from $1633 15 to $785 65, be affirmed, with costs.